This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

No. A-1-CA-43156

**CENTRAL BAPTIST ASSOCIATION
OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**BERNADINE BROWN,**

Defendant-Appellant,

and

**DEE JUNIOR BROWN, TRUEVINE
BAPTIST CHURCH, a domestic
non-profit corporation, ALL UNKNOWN
CLAIMANTS OF INTERESTS IN THE
PREMISES ADVERSE TO PLAINTIFF,
EMERGE MINISTRIES INTERNATIONAL,
a domestic non-profit corporation, and
BETHANY KAROKI, an individual,**

Defendants.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY
Erin B. O'Connell, District Court Judge**

Rodey, Dickason, Sloan, Akin & Robb, P.A.
Charles R. Hughson
Edward R. Ricco
Albuquerque, NM

for Appellee

Bernadine Brown
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**HENDERSON, Judge.**

**{1}** Appellant appeals the district court's order granting partial summary judgment as to Count 1. In our notice of proposed summary disposition, we proposed to affirm. Appellant has filed a memorandum in opposition and a motion for leave to file a supplemental issue, both of which we have duly considered. For the reasons below, Appellant's motion for leave to file a supplemental issue is denied, and because we are not persuaded by Appellant's arguments, we affirm.

**{2}** As we observed in our notice of proposed summary disposition, Appellant has filed a significant number of amended docketing statements and supplements. In reliance on language from Appellant's April 23, 2026, motion for leave to file an amended docketing statement, which indicated that this "[f]ourth ([f]inal, [s]hortened) [d]ocketing [s]tatement is intended to serve as the operative and controlling docketing statement in this matter," we limited our review to the four issues listed in Appellant's fourth amended docketing statement. [04/23/26 Mot. PDF 2; CN 2-3] Thus, in our calendar notice, we proposed to hold the following: the district court addressed and resolved Appellant's numerous challenges to Appellee's lawful corporate authorization to initiate the litigation; [CN 3-5] the 1989 and 1991 deeds constituted sufficient evidence to support the district court's determination that Appellee held the reversionary interest and had standing as a real party in interest in the proceedings as a result; [CN 6-7] Appellant's admissions constituted sufficient evidence to support the district court's determination that there was a cessation of religious use of the property and/or a lack of association with Appellee that justified the reversion under the terms of the special warranty deed; [CN 7-9] and, Appellant failed to preserve her contentions regarding the "validity of the deed framework" before the district court with regard to "whether the deed was properly executed," and "whether the restriction is enforceable." [CN 9-11]

**{3}** In her memorandum in opposition, Appellant continues to challenge: Appellee's authority to initiate the litigation and Appellee's ownership of the property interest; [MIO 11-13] the sufficiency of evidence establishing that there was a cessation of religious use of the property and/or a lack of association with Appellee; [MIO 19-29] and whether the 1989 or 1991 deed was the operative deed. [MIO 29-33] The memorandum does not, however, point out any factual or legal error in our notice of proposed summary disposition. Nor does Appellant address our concerns with the lack of support in our case law or the record proper for her contentions. "Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law." *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683; *see also State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003 (stating that "[a] party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement), *superseded by*

*statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. As to these issues, Appellant has not met that burden.

**{4}**     Additionally, we observe that Appellant appears to introduce new arguments that were not previously included in her fourth amended docketing statement. In our notice, we only addressed the four issues included in Appellant's fourth amended docketing statement in reliance on her assertion that "[it] is intended to serve as the operative and controlling docketing statement in this matter." [CN 2] However, Appellant now includes the following additional issues in her memorandum in opposition: Appellee failed to establish a present and superior title when the lawsuit was filed; [MIO 11-13] Rule 1-056(D)(2) NMRA does not permit Appellee to "create missing legal elements" despite Appellant's failure to file a response to the motion for summary judgment; [MIO 13-16] the district court erred in granting partial summary judgment when Appellee failed to "identify[] the complete trigger, trigger date, religious-use cessation date, association-cessation date, title-termination date, or vesting date"; [MIO 16-19] and Appellee failed to "establish the estate type, termination mechanism, vesting date, or authorized exercise of any required right of entry." [MIO 33-38]

**{5}**     We note that Appellant has also filed a motion for leave to file a supplemental argument, contending that the "district court's cumulative short-notice settings, denial of meaningful hearings, unresolved standing and authority objections, lack of findings, and entry of quiet title affecting church-related real property without adequate procedural safeguards" violated Appellant's due process protections. [06/25/26 Mot. PDF 1]

**{6}**     New arguments raised in response to a calendar notice are treated as a motion to amend. *See* Rule 12-210(D)(2) NMRA (stating, "[t]he parties shall not argue issues that are not contained in either the docketing statement or the statement of the issues," but permitting the appellant to move to amend the docketing statement upon good cause shown, which can be combined with a memorandum in opposition). In cases assigned to the summary calendar, this Court will grant a motion to amend the docketing statement to include additional issues if the motion (1) is timely; (2) states all facts material to a consideration of the new issues sought to be raised; (3) explains how the issues were properly preserved or why they may be raised for the first time on appeal; (4) demonstrates just cause by explaining why the issues were not originally raised in the docketing statement; and (5) complies in other respects with the appellate rules. *See State v. Rael*, 1983-NMCA-081, ¶¶ 7-8, 10-11, 14-17, 100 N.M. 193, 668 P.2d 309. This Court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error. *See State v. Moore*, 1989-NMCA-073, ¶¶ 36-51, 109 N.M. 119, 782 P.2d 91, *superseded by rule on other grounds as recognized in State v. Salgado*, 1991-NMCA-044, ¶ 2, 112 N.M. 537, 817 P.2d 730.

**{7}**     Upon review of Appellant's newly raised issues, as well as her motion to supplement, we conclude that she has not demonstrated that amendment of her docketing statement would be appropriate. We appreciate Appellant's timely filing of her memorandum in opposition and her attempt to comply with the other provisions of Rule 12-210(D)(2). However, we conclude that Appellant has not demonstrated just cause by

explaining why the issues were not originally raised in the fourth amended docketing statement, having previously waived many of the issues through her assertion that the four issues included in her fourth amended docketing statement were the operative appellate issues in this case, and upon which this Court relied. *See id.* [04/23/26 Mot. PDF 2; CN 2-3]

**{8}** We further conclude that Appellant's newly raised issues are not viable. *See Moore*, 1989-NMCA-073, ¶¶ 36-51. Appellant's new issues included in her memorandum in opposition challenge various aspects of the district court's summary judgment as to the quiet title claim. As the moving party, Appellee established a prima facie case for quiet title through the deed exhibits, an affidavit from John Torrison, and Appellant's statements during a July 2, 2024 hearing. *See Romero v. Philip Morris Inc.*, 2010-NMSC-035, ¶ 10, 148 N.M. 713, 242 P.3d 280 (explaining that the initial burden in a summary judgment motion may be satisfied by presenting a prima facie case, which typically entails coming forward with evidence sufficient to raise a presumption unless rebutted). [RP 831-33] However, Appellant, as the nonmoving party, did not file a responsive pleading to the motion for summary judgment. [RP 981, 1095] In doing so, Appellant necessarily failed to meet her burden to "establish reasonable doubt as to the existence of a genuine issue of material fact[s]" regarding the validity and currentness of the title, the triggering date of the reversionary interest, the estate type, the vesting date, or a required right to entry—factual disputes she now seeks to include in her appeal. *Buke, LLC v. Cross Country Auto Sales, LLC*, 2014-NMCA-078, ¶ 21, 331 P.3d 942 ("Once the summary judgment movant has made a prima facie case, the burden shifts to the non[]movant to establish reasonable doubt as to the existence of a genuine issue of material fact."); *see* Rule 1-056(E) ("[A]n adverse party may not rest upon the mere allegations or denials of [the] pleading[s], but [their] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial."). As a result, the district court properly relied on Appellee's undisputed material facts to grant summary judgment on the quiet title claim. *See* Rule 1-056(D)(2) ("All material facts set forth in the statement of the moving party shall be deemed admitted unless specifically controverted."); Rule 1-056(E) ("If [a nonmoving party] does not so respond, summary judgment, if appropriate, shall be entered against [them].").

**{9}** With regard to Appellant's due process claim, we also conclude that the issue is not viable. Appellant bases her due process claim on the fact that she was self-represented; that the procedure permitted Appellee to obtain quiet title without first establishing, and without findings showing, the legal prerequisites for that extraordinary relief; that the district court erred by failing to enter findings resolving the disputed foundational issues; and that Appellant was prejudiced by the district court's grant of partial summary judgment on Count 1. [06/25/26 Supp. PDF 2-3] Appellant does not cite to any authority to support her contention that being a self-represented litigant constitutes a due process violation in and of itself. *See State v. Ortiz*, 2009-NMCA-092, ¶ 32, 146 N.M. 873, 215 P.3d 811 (refusing to address undeveloped, conclusory arguments that did not appear to be preserved, reasoning that "[a] party cannot throw out legal theories without connecting them to [the law] and any factual support for

[application of the law]" (internal quotation marks and citation omitted)). Appellant's additional contentions, while styled as due process violations, mirror those same substantive challenges to the district court's summary judgment that have been previously addressed by this Court. We therefore deny Appellant's motion to amend. *See Rael*, 1983-NMCA-081, ¶ 15.

**{10}** Thus, for the reasons stated herein and in our notice of proposed summary disposition, we affirm the district court's order.

**{11}   IT IS SO ORDERED.**

**SHAMMARA H. HENDERSON, Judge**

**WE CONCUR:**

**JACQUELINE R. MEDINA**, **Chief Judge**

**JENNIFER L. ATTREP**, **Judge**